UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CR08-42 MJP |
| v. ) | |
| ) | |
| ) | DETENTION ORDER |
| CHRISTINA WHITE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses Charged:

Count 1: Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344(1) and (2) and 1349.

Count 2: Social Security Number Fraud, in violation of 42 U.S.C. § 408(a)(7)(B).

Date of Bond Revocation Hearing: July 1, 2008.

On February 13, 2008, defendant was released on bond by the undersigned Magistrate Judge and placed on Pretrial Services supervision with special conditions, including that she have no contact with other defendants. On March 13, 2008, a no-action request for an admitted violation of the bond was approved. Dkt. No. 79.

On June 19, 2008, the defendant pleaded guilty to the two charges reflected above. Sentencing is scheduled before the Honorable Marsha J. Pechman on September 12, 2008.

On June 19, 2008, U.S. Pretrial Services Officer Kelly Neumeister requested a warrant

01 | for the arrest of the defendant, alleging that she violated the terms of her supervision as
02 | follows:
03 |     1.    Christina White has violated the terms and conditions of her bond by having
04 |           on-going, direct contact with co-defendant Derico Fuller.
05 |     2.    Christina White has violated the special bond condition that she comply with
06 |           the electronic monitoring program under the direction of Pretrial Services by
07 |           deviating from her pre-approved schedule on June 16, 2008.
08 | Dkt. No. 135.
09 |        An initial hearing on the alleged violations took place before the Honorable Mary Alice
10 | Theiler on June 24, 2008, at which time, she admitted the violations.  Judge Theiler revoked
11 | release pending a bond revocation hearing before the undersigned Magistrate Judge.  Dkt. No.
12 | 149.  On July 1, 2008, a bond revocation hearing took place.  At that time, the evidence
13 | proffered by the government included, among other things, a recorded conversation between
14 | the defendant and co-defendant Fuller, discussing in some depth the case at hand.  Although
15 | the defendant has pleaded guilty, co-defendant Fuller has not.  In addition, prior to the
16 | admission, the defendant denied having contact, claiming it was her sister who was using her
17 | email account and talking with Mr. Fuller as though she were the defendant.  The recording
18 | indicates that the defendant attempted to disguise her presence as her sister, but then began
19 | using her own identity.  This indicates knowledge by the defendant of the restrictions and
20 | attempts to go around the restrictions.  The government also proffered evidence that
21 | assistance of defense counsel had been sought trying to keep the defendant from committing
22 | further bond violations.
23
24
25
26

The Court conducted a revocation hearing pursuant to 18 U.S.C. § 3148, and based upon the factual findings and statement of reasons for detention hereafter set forth finds as follows:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant committed violations 1 and 2 as admitted.

(2) The defendant has demonstrated an inability or unwillingness to comply with the terms of her pretrial supervision.

(3) Defendant has already pleaded guilty to her offense and is awaiting sentencing.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility pending sentencing;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 1st day of July, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge